UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY PHILLIPS, ) | CASE NO. 4:08 CV 2367 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| HARLEY G. LAPPIN, et al., ) | |
| ) | |
| Respondents. ) | |

*Pro se* petitioner Anthony Phillips filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) on October 6, 2008. Mr. Phillips is incarcerated at N.E.O.C.C., a CCA facility. He asserts that his transfer to N.E.O.C.C. was based on his national origin, and thus in violation of his Fifth and Fourteenth Amendment rights under the Constitution, as well as 28 C.F.R. § 551.90, 18 U.S.C. § 242, 18 U.S.C. § 4001 and 18 U.S.C. § 3621(b).[1] Claiming that this transfer is based on an agreement between CCA and the BOP, Mr.

---

[1] Notwithstanding the fact that 18 U.S.C. § 4001 is a criminal statute, it would otherwise fail
(continued...)

Phillips seeks a declaration that the agreement is null and void, an immediate transfer to a BOP facility in accordance with 18 U.S.C. §3621(b), and any other relief the court deems appropriate.

*Background*

Mr. Phillips pleaded guilty to conspiracy to distribute cocaine in the United States District Court for the Southern New York. *See United States v. Phillips*, No. 1:04cr000801 (S.D. NY 2004). The court sentenced him to 120 months in prison on January 31, 2007, followed by 5 years of supervised release.

On or about March 22, 2007, petitioner was classified as a medium security inmate and transferred to F.C.I. Loretto in Pennsylvania. Thereafter, he was re-classified at a low security level and remained at F.C.I. Loretto, until March 27, 2008. On that date, he was transferred to N.E.O.C.C. "on the basis of his sex, national origin, and Immigration status."[2] (Pet. at 4.) The N.E.O.C.C. staff advised petitioner that his transfer was based a contractual arrangement between C.C.A. and the BOP, wherein prison transfers were authorized based on national origin, immigration status and low security re-classification.

Mr. Phillips asserts he is being treated differently from other low security prisoners on the basis of his immigrant and nationality status. He claims, *inter alia*, that this is a violation of 18 U.S.C. § 242, which affords all persons protection from any unconstitutional action taken

---

[1](...continued)
to afford petitioner, a non-citizen, any legal protection. It reads, in relevant part, "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a).

[2]   This appears to be a generic phrase inasmuch as petitioner does not address any gender claim or any claim relating specifically to prisoners from his country of origin.

Case: 4:08-cv-02367-PAG Doc #: 4 Filed: 01/20/09 3 of 7. PageID #: 70

under color of State or federal law.[3] He asserts that the Fifth and Fourteenth Amendments provide low security, non-citizen inmates the same treatment as low security inmates who are citizens of the United States. Petitioner cites the Supreme Court's decision in *Johnson v. California*, 543 U.S. 499 (2005) to support his assertion that prisoner segregation by race, national origin or immigrant status violates the Constitution. *Johnson* involved an African-American state prison inmate who challenged the prison's unwritten policy of placing new or transferred inmates with cellmates of the same race during the initial evaluation period. There the inmate argued that the actions of the correction officials were in violation of 42 U.S.C. §§ 1981 and 1983.

Mr. Phillips argues that as an immigrant, he is entitled to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of "inmate," as set forth in 28 C.F.R. Part 500.1(c). Instead of equal treatment, however, he maintains that inmates in his position are denied the "privilege of possessing items allowed to purchase at Federal Bureau of Prison facility such as toe-nail-clippers, and beard- trimmers which similar security custody F.B.O.P. Inmates are allowed to possess." (Pet. at 12.) He claims these conditions are more severe than the conditions experienced by prisoners who are United States citizens and housed in B.O.P. facilities. Finally, petitioner claims, that unlike prisoners who are U.S. citizens, he is being

> denied the same rights and privileges . . . such as Release
> Preparation Program, Drug and alcohol Program, Pre-release-

---

[3] This is a statute which criminalizes conspiracy to deprive persons of their rights secured by the Constitution or laws of the United States, and the deprivation of rights under color of law. See 18 U.S.C. § 242. Because this criminal statutes does not provide any basis for civil liability, Mr. Phillips cannot state a claim upon which relief may be granted under this statute. *See Krajicek v. Justin*, No. 98-1249, 1999 WL 195734 at *1 (6th Cir. Mar.23, 1999), *cert. denied*, 528 U.S. 1046 (1999)(holding that §§ 241-242 do not provide a basis for civil liability); *Owens v. Johnson*, No. 98-1728, 1999 WL 777453 at *1 (6th Cir. Sept.16, 1999)(holding that § 242 does not provide a private cause of action).

-3-

>> Community Corrections Center-Half way house Program pursuant to Federal Bureau of Prisons Policy and procedure, the Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(1), and 18 U.S.C.A. § 3624(c)(1), as well as Home Confinement Program pursuant to Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(2), and 18 U.S.C.A. § 3624(c)(2).

(Pet. at 13). Beyond these conclusory statements, there is no assertion in the petition claiming Mr. Phillips is either entitled to participate in these programs, or that he is otherwise eligible for the benefits these programs provide.

The statute governing federal habeas petitions, 28 U.S.C. § 2241, provides, in relevant part, that:

>> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>>
>>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>>>
>>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>>>
>>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241(c). Mr. Phillips captions his § 2241 pleading as a "Petition to Correct Custody." He then claims that this is a challenge to his "unconstitutional physical confinement," in violation of his Fifth and Fourteenth Amendment rights to due process and equal protection under the Constitution. (Pet. at 1.) The petition reveals, however, that this is not a challenge to Mr. Phillips's confinement, but an attack on the respondents' decision to transfer him to N.E.O.C.C. based

-4-

allegedly on his status as an immigrant. If this were an actual challenge to his confinement, his requested relief would ultimately effect the length or duration of his term of confinement. This is true regardless of whether he were requesting immediate release, or challenging the manner in which the prison is executing his sentence.[4]

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Court explained again in *Nelson v. Campbell*, 541 U.S. 637 (2004), that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks *monetary or injunctive relief*, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id*. at 643 (emphasis added); *see also Muhammed v. Close*, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

Mr. Phillips's broad and conclusory assertions regarding the denial of participation in certain prison programs is, at best, premature.[5] If, in fact, he were challenging the BOP's denial of his eligibility for participation in an early release program based on nationality or immigration status, he would need to first exhaust his administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a §

---

[4] The Supreme Court noted in *Muhammed* that it "has never followed the speculation in *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that . . . a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983." *Muhammed*, 540 U.S. at 752 n.1.

[5] Because Mr. Phillips has not exhausted this potential issue, the court will not address it on the merits.

2241 petition for habeas corpus relief).[6]  Mr. Phillips has not exhausted any habeas and the remainder of his petition does not address any claim for early release.

Petitioner asserts that this court has § 2241 jurisdiction over claims which challenge the manner, condition and location of a prisoner's confinement.  The only case he cites which offers any support for this belief is  "*Thompson v. Choinski*, Docket #04-5079-pr, WL 1969652 (2nd Cir. Decided May 8, 2008)."[7]  (Pet. at 3.)  *Choinski* is not, however, controlling law.  The Supreme Court has repeatedly explained that,"[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006)(quoting *Muhammad*, 540 U.S. at, 750)(*citing Preiser*, 411 U.S. at 500 ).  This is why "federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad,* 540 U.S. at 750.  This court is bound to first follow precedent of the Supreme Court.  *See Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir.1991)(noting that this court first looks to Supreme Court cases, then to Sixth Circuit cases, and finally to decisions of other circuits); *Bing ex rel. Bing v. City of Whitehall, Ohio*, 456 F.3d 555 (6th Cir. 2006).  Because the Sixth Circuit has followed the Court's consistent holding that habeas relief is designed to test the fact or duration of confinement, *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007), petitioner's reliance on *Choinski* is unavailing.

Even the *Johnson* case cited by Mr. Phillips was raised as a civil rights action under 42 U.S.C. §§ 1981 and 1983.  Here, petitioner consistently fails to assert any relevant legal basis

---

[6]  The court is not suggesting that such a civil action would be meritorious.

[7]  The correct citation is *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008), *petition for cert. filed* __U.S.L.W.__ (U.S. Nov 12, 2008)(No. 08-7358).

-6-

upon which this court can exercise habeas jurisdiction over his claim. Because he exclusively attacks his conditions of confinement, this court cannot grant the relief petitioner he seeks pursuant to 28 U.S.C. § 2241. To the extent he seeks relief other than release or a change in the manner in which his sentencing is being executed, the appropriate action would be to file a civil rights complaint. *Preiser*, 411 U.S. at 484.

## *Conclusion*

Based on the foregoing, this petition is denied and this action is dismissed without prejudice pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/20/09